UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **LARRY C. STUBBS,** | ) |
| | ) |
| Petitioner | ) |
| | ) |
| v. | ) No. 3:05cv0084 AS |
| | ) |
| **CECIL DAVIS, Supt., Indiana State Prison,** | ) |
| | ) |
| Respondent | ) |

### *MEMORANDUM OPINION AND ORDER*

On or about February 8, 2005, *pro se* petitioner, Larry C. Stubbs, an inmate at the Indiana State Prison in Michigan City, Indiana (ISP)/filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on July 1, 2005, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). After several extensions of time, the petitioner, Larry C. Stubbs, pro se, filed a Traverse on September 15, 2005. The massive state court record was filed on or about July 5, 2005 and is available for examination here.

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. At the time of the filing of this petition he was incarcerated in the ISP in this district. In a court in the State of Indiana, this petitioner was convicted of murder and found to be a habitual offender. He is serving a 99-year sentence. The opinion affirming the aforesaid conviction by the Supreme Court of Indiana is *Stubbs v. State*, 560 N.E. 2d 528

(Ind. 1990), now 15 years ago, a unanimous opinion by then Justice Givan.  Later, there is an unpublished opinion by the Court of Appeals of Indiana entered February 27, 2004 by Judge Kirsch and concurred in by Judges Friedlander and Barnes. For the immediate reference of all concerned, the memorandum decision is marked as Appendix "A", attached hereto and incorporated herein.

Certainly the facts found by the highest court in Indiana as well as the facts found by the Court of Appeals of Indiana have a presumption of correctness under 28 U.S.C. §2254(e)(1), unless the petitioner sustains his burden of rebutting that presumption by clear and convincing evidence, and he has not done so in this case.  The twin decisions of the Supreme Court of Indiana entered November 4, 2002 remain alive and well as binding precedents in this context.  *See Early v. Packer*, 123 S.Ct. 362 (2002), and *Woodford v. Visciotti*, 123 S. Ct. 357, 360-61 (2002).  It is of some moment that the decision of the court of Appeals of Indiana reflected in Appendix "A" was the subject of a denial of a petition to transfer by the Supreme Court of Indiana on May 7, 2004.

The collateral review that is envisioned by § 2254 focuses on violations of the Constitution, treaties and laws of the United States.  *See Haas v. Abrahamson*, 910 F.2d 384 (7th Cir. 1990), and *Bell v. Duckworth*, 861 F.2d 169 (7th Cir. 1988), *cert. den.*, 489 U.S. 1088 (1989).  The focus is not on violations of state law.  *See Estelle v. McGuire*, 502 U.S. 62 (1991).  *See* 28 U.S.C. §2241.  This petition was filed on or about February 8, 2005 and this petitioner is entitled to the benefits, if any, of *Houston v. Lack,* 487 U.S. 266 (1988).

The question comes as to whether the decision of the either the Supreme Court of Indiana or the Court of Appeals of Indiana as subjected to a denial of transfer has made a decision which is contrary to establish precedent of the Supreme Court of the United States. That condition exists when a state court applies a rule that contradicts the governing law set out in a decision of the Supreme Court of the United States or the state court confronts facts that are materially indistinguishable from those of a relevant decision of the Supreme Court of the United States and nonetheless arrives at a decision different rom that reached by the Supreme Court precedent. *See Williams v. Taylor*, 529 U.S. 362 (2000). *See also* 28 U.S.C. §2254(d).

The claims raised here include evidentiary rulings by the state trial court; rights established under *Miranda v. Arizona*, 384 U.S. 436 (1966); whether there is sufficient evidence to sustain the convictions. *See Jackson v. Virginia*, 443 U.S. 307 (1979). Ineffective assistance of counsel and ineffective assistance of appellate counsel as well as prosecutorial misconduct are alleged. The Attorney General of Indiana argues for an independent and adequate state law ground. He appears to be correct on this.

With reference to alleged errors about instruction and alleged prosecutorial misconduct, the same were raised for the first time in state post-conviction proceedings and were determined by the Court of Appeals of Indiana to have been waived. In a general sense, both the Supreme Court and the Court of Appeals of Indiana got it right.

It is worthwhile to quote a specific and somewhat lengthy section of the decision of

the Supreme Court of Indiana beginning at page 529 as follows:

> In the early morning hours of August 12, 1987, Illinois State Trooper Susan Acord noticed appellant driving erratically and stopped him. Appellant gave his name as Larry Jones and a computer check turned up nothing. Noting a strong odor of alcohol, Trooper Acord administered a field sobriety test which appellant failed. She informed him he was under arrest for driving under the influence and proceeded to confiscate four opened bottles of liquor from his car. In the process, the trooper found a magazine clip loaded with .45 caliber ammunition. She asked appellant the location of the weapon. He said it was in the trunk but he had lost the key.
>
> While a tow truck was hooking up to appellant's car, he asked to speak privately to Trooper Acord. He informed her of his real name and that he was wanted for murder. Upon radioing for another computer check, the trooper confirmed there was a murder warrant outstanding for appellant. She then handcuffed appellant and informed him of his *Miranda* rights. During transport to the jail in Tuscola, Illinois, appellant made several statements indicating he was not guilty of the murder charge. She subsequently obtained a search warrant for appellant's impounded car and found in its trunk a .45 caliber semiautomatic replica of a Thompson sub-machine gun, along with some spent .22 caliber rimfire cartridges and a few live rounds. However, the bullet recovered from the victim's body turned out to be dissimilar in type to either the weapon or the cartridges found in appellant's car.
>
> Appellant contends the trial court erred in admitting testimony pertaining to remarks made by him, and evidence discovered as a result of those remarks, prior to being advised of his *Miranda* rights by Trooper Acord. He argues that once she discovered the magazine clip in his car, she should have realized that he could have been involved in criminal activity and at that point was required to read him his rights. Because she did not, he maintains, it was error to admit evidence of his remarks leading to discovery of the weapon and ammunition found in his car's trunk.

4

The discussion that follows by the Supreme Court of Indiana is consistent with the teaching of *Miranda*.

The evidence here is sufficient as outlined by the two highest courts in the State of Indiana under *Jackson*. The trial judge in this case in the Marion Superior Court in Indianapolis, Indiana was the Honorable Patricia J. Gifford, a veteran state criminal trial judge with an excellent reputation for competence as was Special Judge David F. McNamar.

The arguments with regard to ineffective assistance of counsel must be examined under *Strickland v. Washington*, 466 U.S. 668 (1984). This court has long believed that a state or federal trial judge should be enormously careful with regard to any dealings between a trial court and a jury during deliberations in a criminal case. In this case, there were two jury requests during deliberations. The state trial judge notified both parties of such requests. The state trial judge denied the jury's request to reexamine certain pieces of evidence. This petitioner is very hard pressed to show prejudice under <u>federal law</u> or the federal Constitution in regard to this subject. There is simply no adverse prejudice. T

he procedures with regard to the habitual offender determination as outlined on page 532 of the Supreme Court's opinion certainly do not conflict with any cited decision of the Supreme Court of the United States. Certainly the state trial judge was correct in taking judicial notice in this context and that was approved by the Supreme Court of Indiana and does not run contrary to any cited decision of the Supreme Court of the United States. The sentencing considerations cited do not rise to a basis for federal habeas corpus relief. The

treatment of the effective counsel issues by the Court of Appeals of Indiana simply mirror concerns reflected in *Strickland*, as well as *Lockhart v. Fretwell*, 506 U.S. 364 (1993).

The filing made by this pro se petitioner on September 15, 2005 is in good legal form, greatly appreciated here.  He correctly cites *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). His efforts to get around *Estelle, supra* on state law issues by citing *Perruquet v. Briley*, 390 F.3d 505 (7th Cir. 2004) and *Bates v. McCaughtry*, 934 F.2d 99 (7th Cir. 1991), simply will not fly.  This wide-open effort to make state law issues the basis for the granting of relief under 28 U.S.C. §2254 is not supportable in this record.  Certainly this petitioner deserves an "A" for effort in this regard, and given the seriousness of this offense and the length of the sentence, it deserves close and careful attention and has received such.  This court is well familiar with *Burris v. Parke*, 116 F.3d 256 (7th Cir. 1997), and does not conceive that it is of great assistance to this petitioner.

When it is all said and done, the petitioner has presented no basis here for relief under 28 U.S.C. §2254, and has failed in his burden to establish such basis by clear and convincing evidence.  His petition is therefore **DENIED.  IT IS SO ORDERED**.

**DATED:**  September 26th , 2005

                                                            **S/ ALLEN SHARP**
                                                            **ALLEN SHARP, JUDGE**
                                                            **UNITED STATES DISTRICT COURT**